UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RONALD SLADE, individually
and as Special Administrator of the
ESTATE OF KAMONIE M. SLADE and
CHARAMA SLADE
4883 N. 57th Street
Milwaukee, WI 53218

       Plaintiffs,                          CASE NO:_____

v.

BOARD OF SCHOOL DIRECTORS OF THE CITY OF MILWAUKEE
A political corporation
c/o Michael Bonds, Board of School Directors of the City of Milwaukee President
5225 West Vliet Street
Milwaukee, WI 53208

LINDA ROUNDTREE
In her individual capacity
814 W. Winfield Avenue
Milwaukee, WI 53210

MARIBETH GOSZ
In her individual capacity
6934 Norwich Avenue
Milwaukee, WI 53220

KEITH P. POSLEY
In his individual capacity
8429 N. 111th Street
Milwaukee, WI 53224

JOHN PITTA
In his individual capacity
3025 W. Kilbourn Avenue
Milwaukee, WI 53208

       Defendants

---

**COMPLAINT**

---

The above-named plaintiffs by HABUSH HABUSH & ROTTIER S.C., their attorneys, as and for a Complaint against the above-named defendants, allege and show to the Court as follows:

## I. NATURE OF PROCEEDINGS

1. This action is a civil action commenced under Title 42 of the United States Code, § 1983 and other applicable provisions of the laws of the United States and State of Wisconsin brought to redress the personal injuries and eventual death of Kamonie Slade, and to obtain damages for those persons entitled to recover for the injuries and eventual death of Kamonie Slade under the laws of the United States and the State of Wisconsin. This action involves claims commenced under Title 42 of the United States Code, grounded in the due process clause and equal protection clause set forth in Fourteenth Amendment to the United States Constitution, as well as claims for wrongful death under Wisconsin statutes and common law.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over plaintiff's claims pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution and 28 U.S.C. §§ 1331 and 1343. The Court has supplemental jurisdiction over any remaining state-law claims under 28 U.S.C. § 1367 in that the state-law claims are so related to the federal claims that they form part of the same case or controversy.

3. Venue is properly laid in the Eastern District of Wisconsin under 28 U.S.C. § 1391(b) because the unconstitutional acts complained of herein took place within the Counties of Milwaukee and Fond du Lac, both being within the Eastern District of Wisconsin.

## III. PARTIES

4. The plaintiff, Ronald Slade, is an adult male citizen of the United States, and at all

2

times material hereto has been a citizen of the State of Wisconsin and resides at 4883 N. 57th Street, Milwaukee, Wisconsin; that, at all times material, Ronald Slade was the natural father of the deceased, Kamonie Slade; that Ronald Slade appears in this action individually and as Special Administrator of the Estate of Kamonie Slade.

5. The plaintiff, Charama Slade, is an adult female citizen of the United States, and at all times material hereto has been a citizen of the State of Wisconsin and resides at 4883 N. 57th Street, Milwaukee, Wisconsin; that, at all times material, Charama Slade was the natural mother of the deceased, Kamonie Slade.

6. Kamonie Slade, prior to and at the time of his death, was a minor, 12 years of age and was a citizen of the United States and State of Wisconsin residing at 4883 N. 57th Street, Milwaukee, Wisconsin with his natural parents, Ronald and Charama Slade; Kamonie Slade died on June 14, 2010; that the plaintiff, Ronald Slade, is the duly appointed Special Administrator of the Estate of Kamonie Slade.

7. The defendant, Board of School Directors of the City of Milwaukee, is a body politic governed by Ch. 119 of the Wisconsin Statutes, with its principal offices located at 5225 West Vliet Street in the City and County of Milwaukee, Wisconsin; that, at all times material, the Board of School Directors of the City of Milwaukee was responsible for, among other things, the institution of policies and procedures for and the operation of the Milwaukee Public School District, and was the employer of the defendants, Linda Roundtree, Maribeth Gosz, Keith Posley and/or John Pitta.

8. The defendant, Linda Roundtree (hereinafter "Roundtree"), was, at all times material, an adult resident of the State of Wisconsin residing at 814 W. Winfield Avenue in the City and County of Milwaukee, and was employed by the Board of School Directors of the City

3

of Milwaukee as Principal of Roosevelt Middle School in Milwaukee, Wisconsin; that, upon information and belief, at all times material, Roundtree was responsible for, among other things, following and enforcing Milwaukee Public School District policies and procedures, including policies and procedures addressing supervision of students on field trips that involve swimming activities, managing and supervising subordinate staff and ensuring the safety of students, including the deceased, Kamonie Slade; that, at all times material, Roundtree was acting within the scope of her employment with the Board of School Directors of the City of Milwaukee and was acting under color of the statutes, customs, ordinances and usages of the Board of School Directors of the City of Milwaukee within the meaning of 42 U.S.C. § 1983.

9. The defendant, Maribeth Gosz (hereinafter "Gosz"), was, at all times material, an adult resident of the State of Wisconsin residing at 6934 W. Norwich Avenue in the City and County of Milwaukee, and was employed by the Board of School Directors of the City of Milwaukee as Assistant Principal of Roosevelt Middle School in Milwaukee, Wisconsin; that, upon information and belief, at all times material, Gosz was responsible for, among other things, following and enforcing Milwaukee Public School District policies and procedures, including policies and procedures addressing supervision of students on field trips that involve swimming activities, managing and supervising subordinate staff and ensuring the safety of students, including the deceased, Kamonie Slade; that, at all times material, Gosz was acting within the scope of her employment with the Board of School Directors of the City of Milwaukee and was acting under color of the statutes, customs, ordinances and usages of the Board of School Directors of the City of Milwaukee within the meaning of 42 U.S.C. § 1983.

10. The defendant, Keith Posley (hereinafter "Posley"), was, at all times material, an adult resident of the State of Wisconsin residing at 8429 N. 11th Street, in the City and County of

Milwaukee, and was employed by the Board of School Directors of the City of Milwaukee as Assistant to the Principal of Roosevelt Middle School in Milwaukee, Wisconsin; that, upon information and belief, at all times material, Posley was responsible for, among other things, following and enforcing Milwaukee Public School District policies and procedures, including policies and procedures addressing supervision of students on field trips that involve swimming activities, managing and supervising subordinate staff and ensuring the safety of students, including the deceased, Kamonie Slade; that, at all times material, Posley was acting within the scope of his employment with the Board of School Directors of the City of Milwaukee and was acting under color of the statutes, customs, ordinances and usages of the Board of School Directors of the City of Milwaukee within the meaning of 42 U.S.C. § 1983.

11. The defendant, John Pitta (hereinafter "Pitta"), was, at all times material, an adult resident of the State of Wisconsin residing at 3025 W. Kilbourn Avenue in the City and County of Milwaukee, and was employed by the Board of School Directors of the City of Milwaukee as a teacher at Roosevelt Middle School in Milwaukee, Wisconsin; that, upon information and belief, at all times material, Pitta was responsible for, among other things, following and enforcing Milwaukee Public School District policies and procedures, including policies and procedures addressing supervision of students on field trips that involve swimming activities, managing and supervising subordinate staff and ensuring the safety of students, including the deceased, Kamonie Slade; that, at all times material, Pitta was acting within the scope of his employment with the Board of School Directors of the City of Milwaukee and was acting under color of the statutes, customs, ordinances and usages of the Board of School Directors of the City of Milwaukee within the meaning of 42 U.S.C. § 1983.

## IV. ALLEGATIONS OF FACT

### Policies and Procedures of Milwaukee Public Schools

12. Prior to the death of Kamonie Slade, the Board of School Directors of the City of Milwaukee had adopted specific policies and procedures associated with the nature and scope of proper supervision of students during any field trip involving swimming activities organized by any school within the District; that these policies and procedures were mandatory and were instituted specifically because the Board of School Directors of the City of Milwaukee understood the significant danger presented to students engaged in unsupervised swimming activities, especially in water of unknown depth; that these policies included the following:

### Administrative Procedure 7.30

(1)(k) No "recreational swimming" (including, but not limited to pools at motels, hotels, or water parks; lakes; parks; etc.) is allowed as part of a field trip experience unless appropriate certified lifesaving-trained staff is on duty and the activity is supervised by MPS staff.

### MPS Memorandum "Field Trips Involving Swimming Activities"

Throughout the school year, various field trips are arranged by staff members for the students of Milwaukee Public Schools. Among the many types of field trips are those that involve swimming.

**It is extremely important that before a student is allowed to participate in a field trip swimming activity, the parent/guardian be contacted and confirm if the child has any previous swimming experience.** There should be a statement to that effect on the parent/guardian permission slip before the child attends the field trip. No recreational swimming is allowed as part of a field trip experience unless appropriate certified lifesaving trained staff are on duty and the activity is supervised by MPS staff.

When students are lodged at a hotel where there is a swimming pool, please remember that the hotel management posts signs that says, **No lifeguard on duty. Swim at your own risk. It cannot be allowed for the students to swim under these conditions.** The only water exception would be if the participating staff member(s) had valid lifesaving certification and agreed to be responsible for the students while they were in the pool and/or pool area.

6

### Circumstances Surrounding Drowning Death of Kamonie Slade

13. The defendants, Roundtree, Gosz, Posley and/or Pitta, were involved in the scheduling and planning of a trip for the 7th grade class at Roosevelt Middle School for the students' last day of school on June 14, 2010; that the planning and scheduling of said field trip occurred weeks before the scheduled trip.

14. That, as part of the activities planned for the field trip scheduled for June 14, 2010, the defendants, Roundtree, Gosz, Posley and/or Pitta, weeks before the scheduled trip, planned to allow students to engage in recreational swimming activities in Mauthe Lake, located at N1490 CTH GGG, in the City of Campbellsport, Fond du Lac County, Wisconsin; that, in planning said field trip with swimming activities in the lake, the defendants, Roundtree, Gosz, Posley and/or Pitta understood that they would be subjecting numerous students to the significant danger posed by swimming activities in a lake of unknown depth, terrain and current.

15. Despite knowledge that students would be engaged in recreational swimming activities in a lake of unknown depth, terrain and current during a school planned field trip, the defendants, Roundtree, Gosz, Posley and/or Pitta made no arrangements for the presence of certified lifesaving trained staff to be present for the safety of students and, further, made no inquiry into the swimming experience or abilities of the students, including the deceased, Kamonie Slade, as specifically required by the safety policies of the Milwaukee Public Schools as referenced in paragraph 12 above.

16. That, on June 14, 2010, the defendants, Roundtree, Gosz, Posley and/or Pitta arranged for the transportation of the 7th grade students at Roosevelt Middle School in the City and County of Milwaukee, including the deceased, Kamonie Slade, from the school grounds to

the Mauthe Lake Recreation Area in the City of Campbellsport, Fond du lac County.

17. That, while at the Mauthe Lake Recreation Area sometime after lunch, the defendants, Gosz and/or Pitta, in accordance with the plan to allow swimming activities during the field trip developed by the defendants, Roundtree, Gosz, Posley and/or Pitta, did allow a number of the 7th grade students, including the deceased, Kamonie Slade, to enter Mauthe Lake knowing the significant danger posed by the unknown depth, terrain and current in the lake, without the supervision of certified lifesaving trained staff for the safety of said students and without knowledge or inquiry regarding each student's swimming experience or abilities, counter to the safety policies of the Milwaukee Public Schools as referenced in paragraph 12 above; that the only adult chaperone in the area at the time the students entered Mauthe Lake was the defendant, Pitta, who, on information and belief, was not certified in lifesaving techniques as required by the safety policies of the Milwaukee Public Schools as referenced in paragraph 12 above; that the only instruction provided to the students by the defendant, Pitta, was not to go into water that was more than chest deep; that, at the time the students entered the lake, the water in the lake was turbid and stained, with visibility of only 3 to 4 feet.

18. While in the water the deceased, Kamonie Slade, who was not a good swimmer, along with a number of other students, walked to an area where the water was chest deep; that the students, including the deceased, Kamonie Slade, then proceeded to walk to a deeper area of the lake where the depth of the water was such that the deceased, Kamonie Slade, could stand on the bottom with his shoulders and head above the water; that the deceased, Kamonie Slade, upon reaching this spot in the lake, began to be drawn, either by the downward sloping terrain of the lake bed and/or the current of the water, into a portion of the lake where the water was above his head; that when the deceased, Kamonie Slade, was drawn into the portion of the lake where the

8

water was above his head, he began to struggle to get into shallower water and keep his head above the surface so that he could continue to breath; that other students nearby to the deceased, Kamonie Slade, made efforts to try to rescue him but, as a result of the terrain and/or current, he drifted into deeper water and, after a period of struggle above the water that lasted approximately 30 seconds, in a position where said struggle would be visible from the shore, the deceased, Kamonie Slade, slipped beneath the water and eventually drowned.

19. Subsequent to the deceased, Kamonie Slade, slipping beneath the water, the Kewaskum Fire Department Dive team was called and, upon arrival on the scene, certified lifesaving personnel from the Kewskum Fire Department were able to locate the deceased, Kamonie Slade, and take him back to shore in a matter of approximately three minutes from the time personnel entered the water.

20 The terrain of the lake bed in the area of the drowning is such that an individual of equivalent height to Kamonie Slade, by moving 2 to 3 feet, can move from a position standing on the lake bed with his head above the water line, to a position where, standing on the lake bed, his head would be submerged to the extent that it would be impossible to breathe.

## V. CLAIMS

### COUNT ONE:
### FOURTEENTH AMENDMENT DUE PROCESS VIOLATION

21. The plaintiffs reallege and reincorporate all of the allegations contained in paragraphs 1 - 20 of this Complaint.

22. The defendants, Roundtree, Gosz, Posley and/or Pitta, were, at all times material, "persons" for the purpose of 42 U.S.C. §1983, acting under color of state law and were acting within the scope of their employment with the Board of School Directors of the City of Milwaukee.

9

23. The defendants, Roundtree, Gosz, Posley and/or Pitta, by their affirmative acts as alleged in paragraphs 13 through 17 above, did create a danger for students attending the school sponsored field trip on June 14, 2010, including the deceased, Kamonie Slade, or, in the alternative, rendered the students attending the school sponsored field trip on June 14, 2010, including the deceased, Kamonie Slade, more vulnerable to an existing danger, thereby placing the deceased, Kamonie Slade, in a position of danger that he would otherwise not have faced.

24. The defendants, Roundtree, Gosz, Posley and/or Pitta, having placed the deceased, Kamonie Slade, in a position of danger that he otherwise would not have faced, failed to protect the deceased, Kamonie Slade, from this state-created danger.

25. The failure of the defendants, Roundtree, Gosz, Posley and/or Pitta, to protect the deceased, Kamonie Slade, from this state-created danger was a proximate cause of the injuries and eventual death of the deceased, Kamonie Slade and the damages of the plaintiffs referenced in Section VII (a) and (b) below.

26. The the failure of the defendants, Roundtree, Gosz, Posley and/or Pitta to protect the deceased, Kamonie Slade, from this state-created danger evinces conduct that shocks the conscience, in that the circumstances surrounding the field trip on June 14, 2010 permitted the defendants, Roundtree, Gosz, Posley and/or Pitta the opportunity for reasoned deliberation in their decisions and the conduct alleged in paragraphs 13 through 17 above represents a deliberate indifference to the rights of the students attending the field trip on June 14, 2010, including the deceased, Kamonie Slade.

27. The conduct of the defendants, Roundtree, Gosz, Posley and/or Pitta, as set forth above, unlawfully deprived the deceased, Kamonie Slade, of his constitutionally protected right

to life and liberty without due process of law as guaranteed by the both Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 and resulted in the damages referenced in Section VII (a) below.

28. The conduct of the defendants, Roundtree, Gosz, Posley and/or Pitta, as set forth above, unlawfully deprived the plaintiffs, Ronald and Charama Slade, of their constitutionally protected liberty interests in their relationship with their minor child, Kamonie Slade, without due process of law as guaranteed by the both Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983 and resulted in the damages referenced in Section VII (b) below.

## COUNT TWO:
## FOURTEENTH AMENDMENT EQUAL PROTECTION VIOLATION

29. The plaintiffs reallege and reincorporate all of the allegations contained in paragraphs 1 - 20 of this Complaint.

30. The defendants, Roundtree, Gosz, Posley and/or Pitta, were, at all times material, "persons" for the purpose of 42 U.S.C. §1983, acting under color of state law and were acting within the scope of their employment with the Board of School Directors of the City of Milwaukee.

31. There are other students attending Milwaukee Public Schools similarly situated as the deceased, Kamonie Slade, who, prior to June 14, 2010, were supervised by appropriate certified lifesaving-trained staff during school sponsored and organized field trips involving swimming activities, in accordance with the safety policies of the Milwaukee Public Schools as referenced in paragraph 12 above.

32. By engaging in the affirmative acts outline in paragraphs 13 through 17 above, the defendants, Roundtree, Gosz, Posley and/or Pitta intentionally treated the deceased, Kamonie Slade, along with his parents, Ronald and Charama Slade, different than other similarly situated

11

students attending the Milwaukee Public Schools, along with their parents, who were supervised by appropriate certified lifesaving-trained staff during school sponsored and organized field trips involving swimming activities, in accordance with the safety policies of the Milwaukee Public Schools as referenced in paragraph 12 above, under circumstances where there is no rational basis for this difference in treatment.

33. The failure of the defendants, Roundtree, Gosz, Posley and/or Pitta, to treat the deceased, Kamonie Slade, along with his parents, Ronald and Charama Slade, in the same manner as similarly situated students attending the Milwaukee Public Schools, along with their parents, by abiding by the safety policies of the Milwaukee Public Schools was a proximate cause of the injuries and eventual death of the deceased, Kamonie Slade, and the damages referenced in Section VII (a) and (b) below.

34. The conduct of the defendants, Roundtree, Gosz, Posley and/or Pitta, as set forth above, unlawfully deprived the deceased, Kamonie Slade, of his constitutionally protected right to equal protection under the law as guaranteed by the both Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983, and resulted in the damages referenced in Section VII (a) below.

35. The conduct of the defendants, Roundtree, Gosz, Posley and/or Pitta, as set forth above, unlawfully deprived the plaintiffs, Ronald and Charama Slade, of their constitutionally protected right to equal protection under the law as guaranteed by the both Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983, and resulted in the damges referenced in section VII (b) below.

## COUNT THREE:
## STATE LAW CLAIM FOR WRONGFUL DEATH

36. The plaintiffs reallege and reincorporate all of the allegations contained in

12

paragraphs 1 - 20 of this Complaint.

37. The plaintiffs timely filed and served Notices of Injury, pursuant to §893.80(1)(a), Stats., and Notices of Claim, pursuant §893.80(1)(b), Stats., on the Board of School Directors of the City of Milwaukee, which were deemed denied by operation of law after allowing 120 days to elapse without the plaintiffs' receiving a formal and express disallowance of their claims.

38. The defendants, Roundtree, Gosz, Posley and/or Pitta, were, at all times material, acting within the scope of their employment with the defendant, Board of School Directors of the City of Milwaukee.

39. The safety procedures adopted by the defendant, Board of School Directors for the City of Milwaukee, as referenced in paragraph 12 above, were mandatory procedures and, hence, created a ministerial duty on the part of the defendant, Board of School Directors for the City of Milwaukee, and its employees, Roundtree, Gosz, Posley and/or Pitta, to make sure that said policies were enforced; that, specifically, the defendant, Board of School Directors for the City of Milwaukee, and the defendants, Roundtree, Gosz, Posley and/or Pitta, in order to safeguard all students participating in swimming activities during said field trip, had the ministerial duty to:

(a) confirm, for each student on said field trip, including the deceased, Kamonie Slade, their swimming abilities and experience;

(b) ensure that appropriate certified lifesaving-trained staff were on duty and the activity was supervised by MPS staff; and

(c) ensure that the lifesaving trained staff and MPS staff were advised regarding each respective student's swimming experience.

40. The defendant, Board of School Directors for the City of Milwaukee, and its employees, Roundtree, Gosz, Posley and/or Pitta, failed to fulfill the ministerial duties referenced in paragraph 39 above and, hence, negligently failed to take the mandatory steps necessary to adequately protect the students engaged in swimming activities on said field trip, including the the deceased, Kamonie.

41. That the negligence of the defendant, Board of School Directors for the City of Milwaukee, and its employees, Roundtree, Gosz, Posley and/or Pitta, was a cause of the drowning death of the deceased, Kamonie Slade, and the damges of the plaintiffs outline in Section VII (c) and (d) below.

## VI. CONDITIONS PRECEDENT

42. All conditions precedent to this lawsuit within the meaning of Rule 9C of the Federal Rules of Civil Procedure have been performed or have otherwise occurred.

## VII. DAMAGES AND PRAYER FOR RELIEF

WHEREFORE, the plaintiffs, Ronald Slade, individually and as the Special Administrator of the Estate of Kamonie Slade, and Charama Slade, demand judgement against the Defendants as follows:

a. With respect to the Constitutional Claims referenced in Counts I and II of the Complaint, the plaintiff, Ronald Slade, As Special Administrator of the Estate of Kamonie Slade, does demand judgement against the defendants, Roundtree, Gosz, Posley and/or Pitta, jointly and severally, for compensatory and special damages in an amount sufficient to fairly and reasonably compensate for Kamonie Slade's conscious pain and suffering prior to his death, his loss of life and loss of enjoyment of life (hedonic damages) and for all other damages recoverable under the law, including all damages recoverable as a result of the violation of Kamonie Slade's

14

constitutional rights as set forth above, in an amount to be determined at the trial of this matter, along with interest, costs, disbursements and reasonable attorney fees pursuant to 42 U.S.C. §1983, and any other relief allowed for under Federal law.

b.  With respect to the constitutional claims referenced in Counts I and II of the Complaint, the plaintiffs, Ronald and Charama Slade, individually, do demand judgement against the defendants, Roundtree, Gosz, Posley and/or Pitta, jointly and severally, for compensatory and special damages in an amount sufficient to fairly and reasonably compensate for the loss of society and companionship suffered as a result of the death of their son, Kamonie Slade, medical, funeral and burial expenses and all other damages recoverable under the law, including all damages recoverable as a result of the violation of their constitutional rights as set forth above, in an amount to be determined at the trial of this matter, along with interest, costs, disbursements and reasonable attorney fees pursuant to 42 U.S.C. §1983, and any other relief allowed for under Federal law.

c.  With respect to the State Law Claims referenced in Count III of the Complaint, the plaintiff, Ronald Slade, As Special Administrator of the Estate of Kamonie Slade, does demand judgement against the defendant, Board of School Directors of the City of Milwaukee, and the defendants, Roundtree, Gosz, Posley and/or Pitta, jointly and severally, for compensatory and special damages in an amount sufficient to fairly and reasonably compensate for Kamonie Slade's conscious pain and suffering prior to his death and for all other damages recoverable under the law, including all damages recoverable as a result of the wrongful death of Kamonie Slade as set forth above that would survive his death pursuant to §895.01(1), Stats., in an amount to be determined at the trial of this matter, along with recoverable costs, disbursements and attorney fees, and any other relief allowed for under Wisconsin law.

d.      With respect to the State Law Claims referenced in Count III of the Complaint, the plaintiffs, Ronald and Charama Slade, individually, do demand judgement against the defendant, Board of School Directors of the City of Milwaukee, and the defendants, Roundtree, Gosz, Posley and/or Pitta, jointly and severally, for compensatory and special damages in an amount sufficient to fairly and reasonably compensate for the loss of society and companionship suffered as a result of the death of their son, Kamonie Slade, medical, funeral and burial expenses and all other damages recoverable under the law, including all damages recoverable as a result of the wrongful death of Kamonie Slade as set forth above pursuant to §895.04, Stats., in an amount to be determined at the trial of this matter, along with recoverable costs, disbursements and attorney fees, and any other relief allowed for under Wisconsin law.

**THE PLAINTIFF DEMANDS TRIAL BY JURY OF ALL ISSUES TRIABLE OF RIGHT TO A JURY IN THIS ACTION.**

Dated at Milwaukee, Wisconsin, this \_\_\_1st\_\_\_ day of \_\_\_March\_\_\_, 2011.

HABUSH HABUSH & ROTTIER S.C.
Attorneys for Plaintiffs

By: _____
Robert L. Jaskulski
WI State Bar No. 1000561
Email: rjaskulski@habush.com
Benjamin Wagner
WI State Bar No. 1046196
Email: bwagner@habush.com

**P.O. ADDRESSES:**

HABUSH HABUSH & ROTTIER S.C.
777 East Wisconsin Avenue, Suite 2300
Milwaukee, WI 53202
(414) 271-0900

16